Statement of the Case. '
MONROE, J.
This case was tried in the district court upon the following agreed statement, considered in connection with the ordinances referred to, in the petition, and with the questions of law presented by the answer, to wit:
“The defendant sells beer in original packages —barrels and cases — to dealers for resale only; the packages containing over five gallons, defendant selling less than $10,000 a year. The town of Houma claims that defendant is liable for $1,000 license, with interest and attorney’s fees, and refused to accept $50 tendered * ® * for a license for 1907 before March 1, 1907. Ordinances Nos. 319 and 329 of the town of Houma introduced in evidence. It is admitted that act 136 of 1898 has been adopted by the town of Houma as its charter.”
Section 7 of Ordinance 319 provides:
“That, for every wholesale mercantile business, whether as principal, agent, on commission, by auction, representing foreign merchants, or otherwise, the license shall be based on the gross, annual, amount of sales, and shall be the same as that imposed by the state.”
Section 15 of Ordinance 319, as amended and re-enacted by Ordinance 329, provides:
“That, for every business of selling distilled, vinous, malt, or other kinds of, mixed, liquors, or keeping a bar room, cabaret, or coffee house, café, beer saloon, or beer garden, or other place where distilled, vinous, malt, or other kind of, mixed, liquors, to be drunk, is sold, directly or indirectly, the license shall be based upon the gross, annual, receipts of said business, as follows : First Class: When said gross annual receipts are $10,000, or less, the license shall be $1,000.”
Defendant denies liability for the amount sued for on several grounds, which in the brief presented to this court are reduced to the following, to wit: That the ordinance imposing the tax does not provide that the money to be realized shall be devoted to street, sidewalk, or other improvements, or public purposes; that said ordinance is illegal, in that it seeks to impose a greater license tax than is imposed by the state, and makes no.distinction between a wholesale and a retail liquor business.
Opinion.
1. Article 229 of the Constitution provides that:
“No political corporation shall impose a greater license tax than is imposed by- the General Assembly for state purposes. This restriction shall not apply to dealers in distilled, alcoholic, or malt, liquors.”
Under this article the General Assembly may authorize a municipal corporation to impose upon dealers in distilled, alcoholic, or malt liquors a license tax in excess of that imposed for state purposes; but as municipal corporations have no power to impose taxes of any kind, save as they are authorized by the General Assembly, it becomes necessary to inquire ■whether such authority in the matter of license taxation has been granted to the plaintiff, and, if so, upon what conditions. Act No. 136, p. 224, of 1898, which defendant has accepted as its charter, authorizes it “to levy and collect a license tax, upon, and regulate, all callings, trades, professions, and occupations, conducted, pursued, carried on, or operated” within its limits; and further provides that:
“When the license tax equals in amount (to) those levied by the police jury for parochial purposes, there shall not be collected any for parochial purposes.” Section 17, subd. 1.
By Act No. 17, p. 24, of 1902, and Act No. 142, p. 313, of 1904, it is provided that the exemption from parish licenses thus accorded shall be conditioned upon the devotion of the proceeds of the license tax levied by the municipality to street and sidewalk improvements, waterworks, lights, sewerage, street railways, or public schools. See Act No. 142, p. 313, of 1904. There is nothing in any of this legislation that requires that the particular purpose to which the tax is to be devoted shall be stated in the ordinance by which the tax is levied; that matter being *26 left for subsequent determination, upon tbe condition always that the tax, when used, shall be used for one or other of the purposes specified. There can be no doubt that the grant, as made, includes the authority to levy license taxes on the business of dealing in liquors, whether at wholesale or retail, and (as there is no limit placed on the amount), if there were no other law upon the subject, the case would be with the plaintiff. But, whilst the acts that have been mentioned apply generally to municipal corporations, Act No. 171, p. 387, of 1898, is a statute whereby the state undertakes to make special provision with regard to the levying and collecting of licenses, not only for its own account, but by and for account of such corporations, and that statute contains the following provisions, which control the questions at issue, to wit:
“Sec. 6. * * * That for every wholesale mercantile business * * * the license shall be based on the gross, annual, amount of sales, as follows: * * * Sixteenth Glass: Where gross sales are $250,000, or less, the license shall be $50.
“Provided that no person or persons shall be deemed wholesale dealers unless he, or they, shall sell by the original or unbroken package, or barrel, only; and provided further, that no person or persons shall be deemed wholesale dealers unless he or they sell to dealers for resale. If they sell in less quantities than original and unbroken packages or barrels, they shall be considered retail dealers and pay licenses as such. That, for every business of selling at retail, whether as principal, agent, on commission, or otherwise, the license shall be based on the gross, annual, amount of sales as follows:
“Twenty-Third Glass: Where gross sales are less than $15,000 and more than $5,000, the license shall be $10.
“Provided, that, if any distilled, vinous, malt, or other kind of mixed liquors be sold in connection with the business of retail merchant * * *, in less quantities than 5 gallons, the license for such additional business shall be as hereinafter provided for in section 13 of this act; provided, further, that no license shall issue to sell liquors in less quantities than five gallons for less than $100. * * * ”
“Sec. 13. * * * That, for every business of bar room, cabaret, coffee house, café, beer saloon, liquor exchange, drinking saloon, grog shop, beer house, beer garden, or other place where anything to be drunk or eaten is sold, directly or indirectly, the license shall be based on the annual, gross receipts of said business, as follows, viz.:
“Sixth Class: When said gross, annual, receipts are $7,500, or more, or less than $10,000, the license shall be $300.”
Tbe act in question also provides:
“Sec. 16. * * * That any municipal or parochial corporation in the state shall.have the right to impose a license tax on any business or profession herein provided for; provided, that all such license taxes shall conform to the provisions of article 229 of the Constitution.” (Italics by the court.)
“See. 17. * * * That, when any two or more kinds of business are combined, except as herein expressly provided for, there shall be a separate license required for each kind of business.”
It is clear that, by tbe statute thus quoted, a “wholesale mercantile business,” whether it consists of tbe buying and selling of liquors or of other merchandise, is provided for as distinct from a retail business; for, after establishing the basis upon which all wholesale mercantile businesses are to be licensed, and after declaring who are to be considered wholesale dealers, the lawmaker goes on to say:
“If they sell in less quantities * * * they shall be considered retail dealers, and pay licenses as such.”
And (section 17):
“When any two or more kinds of business are combined, except as herein expressly provided for, there shall be a separate license required for each.”
And he then proceeds to distinguish between the retail liquor business and other retail businesses by requiring higher licenses from the former and a minimum license of $100. We therefore conclude that under the provisions of Act No. 136, p. 224, of 1898, Act No. 17, p. 24, of 1902, and Act No. 142, p. 313, of 1904, as also of section 16 of Act No.. 171, p. 417, of 1898, municipal corporations are authorized to impose license taxation, *28 subject to the condition (imposed by article 229 of the Constitution) that, except as to the liquor business, the license shall not exceed that levied by the state, and to the further condition (imposed by Act No. 171, p. 387, of 1898) that a wholesale business must be dealt with and licensed as distinct from a retail business, which latter condition applies to the liquor business, as well as to any other.
This conclusion is strengthened by the consideration that if the police jury, conforming to the law, issues one parish license for the wholesale business and another for the retail business, and the municipality issues but one license for both, it would be impossible in the latter case to determine whether the license for either was equal to the parish license, and hence would be impossible to determine whether those paying the municipal license were entitled to be exempted from payment of the parish license, as provided by the statutes to which we have referred.
We may add here that our further investigation of the subject has also led us to the conclusion that the provisions of Act No. 171, p. 387, of 1898, requiring the grading of liquor licenses apply as well to municipal, as to state, licenses, and that the dicta upon that subject in the’opinion in the case of Mayor & Board v. Moss Hotel Co., 112 La. 531, 36 South. 552, was founded in part upon a misapprehension.
Eor the reasons thus assigned, we are of opinion that the ordinance relied on by plaintiff is illegal, in that it levies but one license ■for both the wholesale and the retail liquor business, whereas the law requires that a separate license shall be levied for each business. It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed, and that •plaintiff’s demand be rejected, and its rule dismissed, at its cost in both courts.